IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, | |
| Plaintiff, | CASE NO. 4:12-cv-00262 |
| v. | Judge: Nancy F. Atlas |
| DOES 1 – 60, | Magistrate Judge: |
| Defendants. | |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED EX PARTE MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

The Court has reviewed the Complaint with the attached Exhibit, Plaintiff's Unopposed Ex Parte Motion for Leave to Take Expedited Discovery, the attached Declaration of Peter Hansmeier filed in support thereof, and relevant case law.  Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. Plaintiff's Unopposed Ex Parte Motion for Leave to Take Expedited Discovery is GRANTED.

2. Plaintiff may immediately serve each of the Internet Service Providers ("ISPs") listed in Exhibit A to the Complaint with a subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, email address, Media Access Control ("MAC") address, and any other form of contact information that may be used to identify the Doe Defendants to whom the ISP assigned an Internet Protocol ("IP") address.

3. The ISP shall provide any affected subscribers with the Court-directed notice, which is attached as Appendix A to this Order.

4.   If the ISP and/or any putative Defendant wishes to modify or quash a subpoena, such party must do so before the return date of the subpoena, which shall be thirty (30) days from the date of service.

5.   ISPs shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

6.   Should the Plaintiff extend for any reason the return date of the subpoena issued to the ISPs beyond the return date of thirty (30) days, the Plaintiff shall provide the Court with a status report which shall detail for each ISP (1) the reason for the extension of the return date; (2) the date on which a subpoena was issued to the ISP; (3) the number of IP addresses for which identifying information has been requested from and produced by the ISP; (4) the agreement, if any, that Plaintiff's counsel has in place regarding the timetable for production of identifying information; and (5) the specific date when the Plaintiff expects to complete receipt of the identifying information from the ISP.

7.   The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal cost to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

8.   Plaintiff may only use the information disclosed in response to a subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

9. Plaintiff shall provide each subpoenaed ISP with a copy of this Order.

DATE: February 2, 2012

_____
Nancy F. Atlas
United States District Judge

# APPENDIX A

### READ AT ONCE

### COURT-DIRECTED NOTICE
### REGARDING ISSUANCE OF SUBPOENA
### SEEKING DISCLOSURE OF YOUR IDENTITY

A legal document called a subpoena has been sent to your Internet Service Provider requiring the disclosure of the following information about you: name, current (and permanent) addresses, telephone number, and your email address and Media Access Control number. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the Southern District of Texas.

The Plaintiff in this lawsuit alleges that various people have infringed its copyright by illegally downloading and/or distributing its movie: "ExpTeens – November 25, 2011." The Plaintiff does not know the actual names or addresses of these people, but only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity. The Plaintiff has issued subpoenas to various Internet Service Providers to determine the identity of the subscribers of these IP addresses.

If you are receiving this notice, that means the Plaintiff has asked your Internet Service Provider to disclose to the Plaintiff your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking this information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time that this IP address was allegedly used to download or upload the particular movie.

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiff receives your identification information from your Internet Service Provider, you may be added as a named defendant to its lawsuit.

> INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED,
> BUT IT WILL BE DISCLOSED IF YOU DO NOT
> CHALLENGE THE SUBPOENA BY THE DEADLINE IN THE ORDER.

Your identifying information has not yet been disclosed to the Plaintiff.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. If you would like legal advice, you should consult an attorney. In the next page, you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit.

You have 14 days from the date of this notice to file a motion to quash or vacate the subpoena. You must also notify your ISP.

If you file a motion to quash the subpoena, your identity will not be disclosed by your ISP until the court makes a decision on your motion. If you do nothing, then after 14 days your ISP must send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's "Consumers' Guide to Legal Help" can be found on the Internet at http://apps.americanbar.org/legalservices/findlegalhelp/home.cfm

The State Bar of Texas has a Lawyer Referral Information Service that can be reached at (800) 252-96901 or (877) 9TEXBAR (Toll Free) and online at http://www.texasbar.com/.

To maintain a lawsuit against you in the District Court for the Southern District of Texas, the court must have personal jurisdiction over you. You may be able to challenge the District Court for the Southern District of Texas' personal jurisdiction over you. Please note that even if your challenge is successful, the Plaintiff may still file a lawsuit against you in the state in which a court has personal jurisdiction over you.

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at (305) 748-2102, by fax at (305) 748-2103 or by email at info@wefightpiracy.com. Please understand that these lawyers represent the company that has requested your identifying information in connection with the lawsuit. They can speak with you about settling the lawsuit, if you wish to consider that. You should be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.