IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUBBLE GUM PRODUCTIONS, LLC, | CASE NO. 4:12-cv-00262 |
| Plaintiff, | |
| v. | Judge: Hon. Nancy F. Atlas |
| DOES 1 – 60, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO KIM KEMPKER'S LETTER**

Kim Kempker ("Movant") filed a letter addressed to attorney Paul Duffy with the Court. (ECF No. 16.) In the letter, Movant did not seek any relief from the Court, but instead requested that Plaintiff dismiss Internet Protocol ("IP") Address 71.170.84.105 from the lawsuit. (*Id.*) Movant bases this request on two claims: 1) that the IP address is not located in this district, and 2) the person assigned to the IP address did not commit the infringement. (*Id.*) To the extent the Court views Movant's letter as seeking relief from the Court, it should be denied. As a nonparty, Movant should not be allowed to influence the litigation for actual parties. Further, Movant's personal jurisdiction and merits-based denials are premature at this stage of the litigation.

Movant lacks standing to object to Plaintiff's case. Any objection or defense must be brought by actual party defendants. *See* Fed. R. Civ. P. 12. Movant is not a party to this action, and should not be allowed to stand in the shoes of actual parties in the case. At this time, Movant is merely a third party who is on notice of her potential status as a party defendant. The Court's order of February 2, 2012 allows any putative Defendant to file a motion to modify or quash a

1

subpoena. (ECF No. 6 ¶ 4.) However, Movant has not brought a motion to modify or quash Plaintiff's subpoena. (ECF No. 16.) Nor has Movant even alleged that she is the person assigned to the IP address listed in her letter. (*Id.*) Because Movant is not a party to this case, has not brought a proper motion, and may not even have any association to this case, any relief sought by Movant in the letter should be denied.

Movant's personal jurisdiction argument is premature. Courts routinely reject similar personal jurisdiction arguments at this early stage of the litigation. *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record).

Finally, Movant's denial argument is premature. The proper time to raise factual denials is after Movant has actually been identified and named as a party in this lawsuit—a step that may never occur if Movant is not the actual Defendant. *Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d 212, 215 (D.D.C. Sept. 10, 2010) (explaining personal jurisdiction "defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (explaining that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses").

## CONCLUSION

Movant does not seek any relief from the Court. Even if she did, however, her request should be denied. As a nonparty, Movant should not be allowed to influence the litigation for actual parties. Movant's personal jurisdiction and denial arguments are not a basis for the relief she seeks.

                                            Respectfully submitted,

                                            Bubble Gum Productions, LLC

DATED: April 24, 2012

                                  By:    **DOUGLAS M. MCINTYRE & ASSOCIATES**

                                          <u>/s/ Douglas M. McIntyre</u>
                                          **DOUGLAS M. MCINTYRE (TX# 13681800)**
                                          720 North Post Oak Road, Suite 610
                                          Houston, Texas 77024
                                          (713) 681-2611
                                          (713) 461-3697– facsimile

                                          COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 24, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5.3.

/s/ Douglas M. McIntyre
DOUGLAS M. MCINTYRE
